UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **Decapolis Systems, LLC,**<br><br>       **Plaintiff,**<br><br>       v.<br><br>**eClinicalWorks, LLC,**<br><br>       **Defendant.** | **Case No. 6:21-cv-502-ADA**<br><br>**Jury Trial Demanded** |

# PLAINTIFF DECAPOLIS SYSTEMS, LLC'S OPPOSITION TO DEFENDANT ECLINICALWORKS, LLC.'S MOTION TO TRANSFER

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................................4

II. Legal Standard ...................................................................................................................5

III. ARGUMENT ......................................................................................................................6

   A. The Private Interest Factors Are Either Neutral or Weigh Against Transfer ...............7

      1. This Case Is One of Eleven Associated Cases Co-Pending in This Court, Raising Substantial Practical Problems to Transfer ..................................................7

      2. Relative Ease of Access to Sources of Proof .................................................8

      3. Availability of Compulsory Process ...............................................................9

      4. Cost of Attendance for Willing Witnesses ......................................................9

   B. The Four Public Interest Factors Are Either Neutral or Weigh AgainstTransfer ......11

IV. CONCLUSION ................................................................................................................12

# TABLE OF AUTHORITIES

*Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) ............................5

*ADS Security LP v. Advanced Detection,* 2010 WL 1170976 at *4 (W.D. Tex. Mar. 23, 2010) .....................9

*Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693, 2017 U.S. Dist. LEXIS 152438, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017) ...........................................................9

*Decapolis Systems, LLC v. Chisholm Trail Pediatrics, Inc. P.A.*, Case No. 6:21-cv-01273 ............... 4, 7

*Hoffman v. Blaski*, 363 U.S. 335, 343 (1960) ....................................................................6

*In re Apple*, 979 F.3d at 1342 ..................................................................................9

*In re Genentech, Inc.*, 566 F.3d at 1342 ...................................................................9, 11

*In re Google, LLC*, No. 2021-170, slip op. at 9 (Fed. Cir. Sept. 27, 2021) ......................................9

*In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) ..................................................5

*In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010) ....................................................6

*In re Vistaprint Ltd.*, 628 F.3d at 314–15 ......................................................................6

*In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ...................................................5, 6, 9

*In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ................................................5, 8, 9

*NCS Multistage v. Nine Energy Serv.*, 2021 U.S. Dist. LEXIS 60219, at *8 .......................................7, 8

*NCS Multistage v. TCO AS*, C.A. No. 6:20-00622-ADA, 2021 U.S. Dist. LEXIS 101261, at *20 (W.D. Tex. May 28, 2021) ...............................................................................7

*Ocean Semiconductor, LLC v. Renesas Electronics Corporation, et al.,* Case No. 6:20-CV-1213-ADA (W.D. Tex. December 3, 2021) ...............................................................................7

*ParkerVision,* 2021 WL 401989 at *2 ..............................................................................8

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982) ......................................................5, 8

*Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019) ...............................................................................................6

*Salazar v. HTC Corp.,* 2017 WL 8943155 at *5 (E.D. Tex. 2017) ..................................................10

*Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) ......................................................5

*Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964) .................................................................5

*VLSI Tech. v. Intel Corp.,* 2019 WL 8013949 at *4 (W.D. Tex. 2019) ...........................................9, 10

28 U.S.C. § 1404(a) ............................................................................................5, 9

## I.    INTRODUCTION

Defendant eClinicalWorks, LLC's ("ECW" or "Defendant") Motion to Transfer Venue (Dkt. 15, the "Motion") omits facts essential to the Court's analysis regarding a motion to transfer venue for convenience, and asserts flawed or misdirected arguments. Each of the four private interest and four public interest factors is either neutral or weighs against transferring this case from Decapolis' chosen venue to the District of Massachusetts ("D. Mass.").

Most significantly, Defendant only gives a passing mention of the critical and overriding consideration that this action is one of ten co-pending, related and coordinated cases before this Court each of which involves both of the patents that are asserted against Defendant. Moreover, a case has now been filed against an infringing customer of ECW located in this District, *Decapolis Systems, LLC v. Chisholm Trail Pediatrics, Inc. P.A.*, Case No. 6:21-cv-01273, involving the same patents and accused products. As this Court has made abundantly clear in situations where there are even fewer co-pending actions with only a single common patent, these circumstances weigh heavily in the transfer analysis, and Defendant's slight mention of the other actions is telling.

Beyond this critical factor, Defendant ignores other important facts. First, while attempting to drum up witnesses in D. Mass., Defendant's Motion focuses almost exclusively on the relative asserted convenience for its various fact witness employees, and even provides short biographies for some of them. Any such witnesses – to the extent they prove to possess relevant information at all – and the likelihood that any of them will actually testify live at trial is suspect, at best. In any event, Defendants' Motion fails to account for the non-party expert witnesses retained by Plaintiff, and glosses over the convenience of the non-party inventor of the Asserted Patents.

4

Finally, the public interest factors are neutral, at best.

Because Defendants' Motion fails to carry the "heavy burden" of establishing that the target venue is *clearly* more convenient, it should be denied.

## II. Legal Standard

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, . . . a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Id.* "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (*quoting Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The preliminary question under Section 1404(a) is whether a civil action "might have been brought" in the transfer destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (hereinafter "*Volkswagen II*"). If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (*citing Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court

5

congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." Id. Courts evaluate these factors based on the situation which existed at the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010). The burden that a movant must carry is not that the alternative venue is more convenient, but that it is clearly more convenient. *Volkswagen II*, 545 F.3d at 314 n.10. Although the plaintiff's choice of forum is not a separate factor entitled to special weight, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *In re Vistaprint Ltd.*, 628 F.3d at 314–15. While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019).

### III.   ARGUMENT

Defendant does not contest that venue in this District and Division is proper. (*See* Dkt. 15) As such, Decapolis' choice is entitled to deference. *Volkswagen II*, 545 F.3d at n. 10. Moreover, as discussed below, the public and private interest factors that are to be weighed by this Court are

not "***strongly*** in favor of the defendants." *Syndicate 420*, 796 F.2d at 828. Thus, Defendant's motion to transfer should be denied in its entirety.

### A. The Private Interest Factors Are Either Neutral or Weigh Against Transfer

Plaintiff does not contest that the instant action against Defendants could have been brought in the District of Massachusetts. Nevertheless, as discussed more fully below, the Private Interest Factors here do not clearly support transfer from this District to D. Mass.

#### 1. This Case Is One of Eleven Associated Cases Co-Pending in This Court, Raising Substantial Practical Problems to Transfer

Defendant barely recognizes one of the most important facts in the overall analysis—that the present action is one of eleven actions before this Court all of which involve both of the patents asserted here. Moreover, there is now a pending action against an infringing customer of Defendant located in this District, *Decapolis Systems, LLC v. Chisholm Trail Pediatrics, Inc. P.A.*, Case No. 6:21-cv-01273. Defendant goes so far as to disingenuously assert that the related cases were filed to manufacture venue (Motion at 10.) while, at the same time, argues those related cases favor transfer because five of them have challenged venue.

This Court has recently held, on multiple occasions, that parallel actions where a plaintiff asserts common patents among the cases strongly disfavors transfer. *See, e.g., Ocean Semiconductor, LLC v. Renesas Electronics Corporation, et al.*, Case No. 6:20-CV-1213-ADA (W.D. Tex. December 3, 2021) (finding that the existence of parallel actions in the District involving the same patents strongly weighed against transfer); *NCS Multistage v. Nine Energy Serv.*, 2021 U.S. Dist. LEXIS 60219, at *8; *NCS Multistage v. TCO AS*, C.A. No. 6:20-00622-ADA, 2021 U.S. Dist. LEXIS 101261, at *20 (W.D. Tex. May 28, 2021) (same). Notably, these three opinions found that parallel actions with common patents "weighed heavily" even though they involved only one common patent.

Here, on the other hand, there are two patents and each is also asserted in each of ten

7

additional related cases before this Court, and in the newly filed case against Defendant's customer involving the same products. The parties in all eleven related actions—including this one—have agreed to proceed on identical schedules with the same briefing schedules and the same *Markman* hearing (Dkt. 16)

A second "practical problem" weighing against transfer—and absent in Defendant's Motion—is the fact that the parties have already been complying with the Proposed Schedule, and have exchanged claim terms and proposed constructions.

Transferring this action to a different district unquestionably will result in significant practical problems and judicial inefficiencies. As such, this factor weighs very heavily against transfer. *NCS Multistage v. Nine Energy Serv.*, 2021 U.S. Dist. LEXIS 60219, at *8.

### 2. Relative Ease of Access to Sources of Proof

Although modern electronic data storage renders this Factor generally obsolete, the Court must look to where documentary evidence is "stored". *Volkswagen II,* 545 F.3d at 316. Moreover, to properly consider this Factor, parties must *describe with specificity* the evidence they would not be able to obtain if trial were held in the alternate forum. *ParkerVision,* 2021 WL 401989 at *2 (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 258 (1981)).

Defendants' Motion makes literally no effort to identify with specificity any pertinent documents it contends would be unavailable to it in Waco. Indeed, there appear to be none. Rather, Defendants argue that their respective documents are purportedly "stored" in its Austin and San Antonio offices, and that they collectively have no evidence or witnesses in Waco. Notwithstanding Defendants' allegations that all documents are electronically "stored" outside Waco, there is no evidence establishing the actual location of the servers on which such data resides. In any event, all such documents, which are admittedly stored electronically, are equally available from Waco as from Austin. Defendants make no representation that any relevant documents are non-electronic.

### 3. Availability of Compulsory Process

With respect to this Factor, Plaintiff is in agreement with Defendants that there are no presently-known third parties for whom compulsory process may be required. This Factor is neutral.

### 4. Cost of Attendance for Willing Witnesses

The most important factor in the transfer analysis is the convenience of the witnesses. *In re Genentech, Inc.*, 566 F.3d at 1342. "When the distance between an existing venue for trial of a matter and a proposed venue under §1404(a) is more than 100 miles, the factor or inconvenience to witnesses increases in direct relationship to the additional distance to be travelled." *Volkswagen II*, 545 F.3d at 317 (*quoting Volkswagen I*, 371 F.3d at 203). But it is unclear when the 100-mile rule applies, as the Federal Circuit has stated that courts should not apply the rule "rigidly" in some cases where witnesses would be required to travel a significant distance no matter where they testify. *In re Apple*, 979 F.3d at 1342 (discussing witnesses traveling from New York) (*citing Volkswagen II*, 545 F.3d at 317). "[T]he inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *In re Google, LLC*, No. 2021-170, slip op. at 9 (Fed. Cir. Sept. 27, 2021). The Federal Circuit has indicated that time is a more important metric than distance. *Id*. When analyzing this factor, the Court should consider all potential material and relevant witnesses. *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693, 2017 U.S. Dist. LEXIS 152438, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017).

In their Motion, Defendants focus all of their collective attention on the convenience of *party* witnesses. *See* Defendants' Motion at 4-6. Of course, the convenience of party witnesses is afforded very little, if any, weight. *See VLSI Tech. v. Intel Corp.,* 2019 WL 8013949 at *4 (W.D. Tex. 2019); *ADS Security LP v. Advanced Detection,* 2010 WL 1170976 at *4 (W.D. Tex. Mar. 23, 2010) (Report and Recommendation adopted in A-09-CA-773-LY (ECF No. 20) (Apr. 14,

2010)). Defendants identify no potential non-party witnesses at all.

In any event, while Defendants paint a picture of inconvenience for their various corporate witnesses, there is no certainty that any such witnesses would actually appear at trial. Indeed, it is commonly true that, in patent litigation, party witnesses are secondary to experts, especially in cases such as this where the technological infringement discussion will focus on source code. *See, e.g., Salazar v. HTC Corp.,* 2017 WL 8943155 at *5 (E.D. Tex. 2017) (crediting argument that technical testimony will likely be offered by experts, as opposed to party witnesses); *see also VLSI,* 2019 WL 8013949 at *4 ("the convenience of one key witness may outweigh the convenience of numerous less important witnesses"). Accordingly, and given the time constraints of jury trials, the likelihood that *any* of Defendants' so-called "significant witnesses" will appear at trial is low. In addition, it is highly likely, if not certain, that the non-party inventor of the asserted patents (Ray Joao) will appear at trial. As for Mr. Joao, extended travel from his residence in New York to Boston for trial, although is a shorter distance, is more expensive than extended travel to Waco, given the more economical lodging and food options in Waco. *See* https://www.gsa.gov/travel/plan-book/per-diem-rates (reporting per diem rates a follows: (i) Boston: $309 per day for lodging, and $59 per day for meals; (ii) Waco: $107 per day for lodging, and $56 per day for meals). The convenience of Mr. Joao, as the only named inventor, is an important factor. *See VLSI,* 2019 WL 8013949 at *4 ("Because inventors' testimony is extremely important, inventors are key witnesses and the Court gives greater weight to their convenience").

In addition, Plaintiff has already retained a technical consulting expert for this matter, and he has an office in Texas. Plaintiff's expert is a PhD Computer Science and Engineering Professor, and will be disclosed to Defendant as appropriate and in accordance with FRCP 26 and the discovery schedule in this matter. At the Court's request, Plaintiff would be pleased to provide an *in camera* inspection of the Engagement Agreement. The same facts exist with respect

to Plaintiff's damages experts, who live and work in Houston. Given Plaintiff's retained experts' places of residence and work, this District is a far more convenient and economical forum than D. Mass. This is especially true in view of the aforementioned cost savings for lodging and meals in Waco.

Because granting Defendant's Motion would simply shift the inconveniences from Defendants' party witnesses to Plaintiff's non-party witnesses, this Factor weighs strongly against transfer. It is a certainty that Plaintiff's technical and damages experts will appear and testify at trial, and it is highly likely that the inventor will also appear at trial. On the other hand, it is doubtful that Defendant's background fact witnesses will appear. Again, this Factor weighs strongly against transfer.

### B. The Four Public Interest Factors Are Either Neutral or Weigh Against Transfer

None of the Public Interest Factors weigh *clearly* in favor of transfer. First, with respect to "the administrative difficulties flowing from court congestion," Defendant points to nothing that would suggest transfer is beneficial in this regard. Of course, "[t]he relevant inquiry under this factor is actually the speed with which a case can come to trial and be resolved." *In re Genentech, Inc.,* 566 F.3d 1338, 1347 (Fed. Cir. 2009). This Factor is neutral, at best.

Second, with respect to "the localized interests," it is uncontested that the Defendant maintains a substantial business presence throughout Texas, including this District. As such, there is a significant localized interest with respect to Defendant in both locations. Accordingly, this Factor is neutral.

Third, with respect to "the familiarity of the forum with the law that will govern the case," Plaintiff agrees that the Honorable Judge Alan Albright should retain these matters even in the event of transfer. This Factor is neutral.

## IV.     CONCLUSION

By their Motion, Defendant has failed to overcome the "heavy burden" to establish that the D. Mass. is *clearly* more convenient.  With respect to Defendant's argument that their own party witnesses would be somewhat inconvenienced if required to travel to Waco, any such inconvenience is outmatched by the inconveniences to the non-party witnesses identified by Plaintiff if this case is transferred to Boston.  With no other Factor weighing heavily in Defendant's favor, Defendant's Motion must be denied.  Again, the burden on Defendant is to establish that the D. Mass. is *clearly* more convenient.  Defendants have not carried their burden.

Dated: December 8, 2021

                                                Respectfully Submitted

                                                */s/ Randall Garteiser*
                                                M. Scott Fuller
                                                    Texas Bar No. 24036607
                                                    sfuller@ghiplaw.com
                                                Randall Garteiser
                                                    Texas Bar No. 24038912
                                                   rgarteiser@ghiplaw.com
                                                René Vazquez
                                                 Virginia Bar No. 41988
                                                 rvazquez@ghiplaw.com

                                              **GARTEISER HONEA, PLLC**
                                              119 W. Ferguson Street
                                              Tyler, Texas 75702
                                              Telephone: (903) 705-7420

                                              **ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 8, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system in accordance with Local Rule CV-5.

*/s/ Randall T. Garteiser*
Randall T. Garteiser